**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------ x
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :        **Summary Order**
                                                             :
                    -against-                                :        07 Cr 203 (DLI)
                                                             :
FLORIN HORICIANU,                                            :
                                                             :
                                    Defendant.               :
                                                             :
------------------------------------------------------------ x

**DORA L. IRIZARRY, United States District Judge:**

On September 25, 2007, the defendant was sentenced by this court to four concurrent terms of imprisonment of one year and one day, followed by two years of supervised release for violating the terms of his supervised release on his original federal sentence.[1] The very same day, he filed a notice of appeal with the United States Court of Appeals for the Second Circuit, appealing this court's "judgment and sentence." (*See* Notice of Appeal, filed Sept. 28, 2007 (ECF Dkt. Entry No. 23). In the time since, the defendant has filed the following requests asking that this court alter or modify the sentence now on appeal:

- "Motion to Amend/Correct the Sentence," dated April 7, 2008 (ECF Dkt. Entry No. 36), requesting that the court eliminate a certain condition from his supervised release;

- "Motion for Bail," dated April 17, 2008 (ECF Dkt. Entry No. 38), seeking "bail pending the conclusion of his appeal";

---

[1] The defendant was originally sentenced on April 24, 2006 in the Northern District of California to five concurrent five-month terms of imprisonment followed by a five concurrent three-year terms of supervised release, with nine special conditions, for his transmission of threatening interstate communications in violation U.S.C. § 875(c). (*See* Probation Memorandum to the Clerk of the Court, Mar. 13, 2007 (ECF Dkt. Entry No. 2)). Following his release from federal custody on September 12, 2006, the defendant violated terms of supervised release, and jurisdiction was transferred to this court due the defendant's residence in this district.

- "Motion to Order Release from Prison [and/or to] Reduce Length of Supervised Release" dated April 24, 2008 (ECF Dkt. Entry No. 41), seeking a reduction in his sentence and arguing that district courts have compensated inmates for "harsh conditions" at the Metropolitan Correction Center ("MCC") by reducing their terms of imprisonment by as much as ten months;

- Letter, undated (EDF Dkt. Entry No. 45), requesting that his "motion for bail" be granted; and

- Letter, dated July 21, 2008 (ECF Dkt. Entry No. 47), requesting a hearing on the past motions and "asking for relief – reduce the sentence based on cruel and unusual punishment."

The defendant's various requests for relief are denied for the reasons set forth below.

The defendant's sentence is now on appeal. Accordingly, this court is without jurisdiction to grant the relief he seeks. The notice of appeal he filed in this case is "an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *United States v. Finkielstain*, No. 89-cr-0009(LAK), 2007 WL 4191761, at *1 (S.D.N.Y. 2007) (citing *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 68 (1982)). Notwithstanding the filing of a notice of appeal, the district court retains jurisdiction to correct a sentence pursuant to Rule 4(b)(5) of the Federal Rules of Appellate Procedure. However, none of the defendant's motions at issue here are efforts to correct his sentence.[2] Rather, they seek, in various ways and for

---

[2] The court did review defendant's "motion to amend/correct the sentence" filed January 24, 2008 (ECF Dkt. Entry No. 29), in which he informed the court that the Bureau of Prisons had failed to properly credit him on the portion of his special assessment he had previously paid in California. The court directed the MCC staff attorney to look into the matter and ensured that the defendant was duly credited for his past payments.

The court also reviewed and denied his "motion for fair punishment," dated February 8 2008 (ECF Dkt. Entry No. 31), requesting that the time he has served in the MCC and the Metropolitan Detention Center ("MDC") be doubly counted toward his sentence and that he be

different reasons, to alter or modify the sentence, which is precisely what he seeks to do in challenging the sentence on appeal. Hence, the court is without jurisdiction to entertain these requests on matters now before the Court of Appeals. Therefore, the motions are denied for lack of jurisdiction. Alternatively, even if the court had jurisdiction, it would still deny relief as the defendant's motions are without merit.

The Court certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith, and, therefore, *in forma pauperis* is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438 (1962).

SO ORDERED.

Dated: Brooklyn, New York
       August 18, 2008

/s/
DORA L. IRIZARRY
United States District Judge

---

housed in a low-security camp. (*See* ECF Dkt. Entry No. 30, dated Feb. 12, 2008). The court explained that the calculation of good time and designation of facilities are determined by the Bureau of Prisons.